IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LARON BETTS, | ) | |
|         Plaintiff, | ) | |
| v. | ) | NO. 09 C 7069 |
| CITY OF CHICAGO, ANGEILLY LOPEZ #2768, JASON BALA #9112, RAFAEL MAGALLON #19170, FRANCISCO IZA #12649, MARC DEBOSE #12694, MICHAEL EDENS #13975, KELLY VO #18574, WILLIAM OBRIEN #9564, CHARLES GLYNN #1857, M. MENDOZA # 17156, C. NYKIEL #18578, and S. SAMPIN #19641, | ) | |
|         Defendants. | ) | JURY TRIAL DEMANDED |

**<u>AMENDED COMPLAINT</u>**

NOW COMES the Plaintiff, LARON BETTS, by and through his attorney, BASILEIOS J. FOUTRIS, and complaining against the Defendants, CITY OF CHICAGO, ANGEILLY LOPEZ #2768, JASON BALA #9112, RAFAEL MAGALLON #19170, FRANCISCO IZA #12649, MARC DEBOSE #12694, MICHAEL EDENS #13975, KELLY VO #18574, WILLIAM OBRIEN #9564, CHARLES GLYNN #1857, M. MENDOZA # 17156, C. NYKIEL #18578, and S. SAMPIN #19641, states as follows:

**Nature of Action**

1. This action is brought pursuant to the Laws of the United States Constitution, specifically through 42 U.S.C. §1983 and 42 U.S.C. §1988, and the Laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiff by the Defendants when the Plaintiff was arrested on December 18, 2008 by the Defendants.

**Jurisdiction and Venue**

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343, and 28 U.S.C. §1367.

3. At all relevant times, the Plaintiff was a resident of the State of Illinois in this Judicial District.

4. The CITY OF CHICAGO is a municipal corporation located in the State of Illinois in this Judicial District. At all relevant times, the CITY OF CHICAGO was the employer of Defendants, ANGEILLY LOPEZ #2768, JASON BALA #9112, RAFAEL MAGALLON #19170, FRANCISCO IZA #12649, MARC DEBOSE #12694, MICHAEL EDENS #13975, KELLY VO #18574, WILLIAM OBRIEN #9564, CHARLES GLYNN #1857, M. MENDOZA # 17156, C. NYKIEL #18578, and S. SAMPIN #19641, ("Defendant Officers" hereafter). The Defendant Officers were at all relevant times employed by the CITY OF CHICAGO as duly appointed police officers in the CITY OF CHICAGO acting within the course and scope of their employment and under color of law.

5. All the events giving rise to the claims asserted herein occurred within this Judicial District.

**Facts**

6. On April 8, 2008, the Plaintiff was arrested in Chicago, Illinois by police officers employed by the CITY OF CHICAGO. The Plaintiff was charged with numerous offenses as a result of that arrest. The Plaintiff spent in excess of seven months in jail awaiting resolution of those charges. Ultimately, all the charges filed against the Plaintiff as a result of the April 8, 2008 arrest were dismissed in a manner indicative of his innocence.

7. On December 18, 2008, after the above-referenced charges were dismissed in a manner indicative of his innocence, the Plaintiff was arrested in Chicago, Illinois, by police officers employed by the CITY OF CHICAGO. The Plaintiff was arrested at 4051 W. Potomac Avenue in Chicago, IL. He was arrested, or his arrest was directly caused, by acts and/or omissions of Defendants Lopez, Bala, Magallon, Iza, Debose, Edens, Vo, Obrien, Glynn, Mendoza, Nykiel, and Sampin. The Plaintiff posed no threat of danger to any of the Defendant Officers at any time before, during, or after his arrest on December 18, 2008. In particular, the Plaintiff did not pose any danger, or threat of danger at any time to Defendants Lopez, Bala, Magallon, Iza, Debose, Edens, Vo, Obrien, Glynn, Mendoza, Nykiel, or Sampin. The Plaintiff did not resist or obstruct any of the Defendant Officers' acts at any time before, during, or after his arrest on December 18, 2008. In particular, the Plaintiff did not resist or obstruct any of the acts at any time of Defendants Lopez, Bala, Magallon, Iza, Debose, Edens, Vo, Obrien, Glynn, Mendoza, Nykiel, and Sampin.

8. At the time of his arrest on December 18, 2008 at 4051 W. Potomac Avenue in Chicago, IL, without justification or provocation, the Plaintiff was hit in his head repeatedly with a gun (a/k/a pistol-whipped), was pepper sprayed numerous times, was thrown to the ground, was repeatedly kicked while he was on the ground, was dragged across the floor, and had dirty mop bucket water poured over his head by the Defendant Officers. The Plaintiff was complying with all lawful orders when these actions were taken by the Defendant Officers.

9. The Defendants, Lopez, Bala, Magallon, Iza, Debose, Edens, Vo, Obrien, Glynn, Mendoza, Nykiel, and Sampin, each participated in one or more of the above-listed acts against the Plaintiff. In particular, Defendants Lopez, Bala, Magallon, Iza, Debose, Edens, Vo, Obrien, Glynn, Mendoza, Nykiel, and Sampin each performed one or more of the following acts against

3

the Plaintiff without any justification or provocation, as the Plaintiff was complying with all orders, and while the Plaintiff presented no danger or threat of danger to anyone: pistol whipping, pepper spraying, throwing to the ground, kicking, dragging and/or pouring of the mop bucket water.

10. The Defendants, Lopez, Bala, Magallon, Iza, Debose, Edens, Vo, Obrien, Glynn, Mendoza, Nykiel, and Sampin were all present when each of the above-listed acts of force were being performed upon the Plaintiff. The Defendants, Lopez, Bala, Magallon, Iza, Debose, Edens, Vo, Obrien, Glynn, Mendoza, Nykiel, and Sampin each were aware of the above-listed acts of force being performed against the Plaintiff at the time that they were being performed. The Defendants, Lopez, Bala, Magallon, Iza, Debose, Edens, Vo, Obrien, Glynn, Mendoza, Nykiel, and Sampin were all in the position to intervene to stop or prevent the above-listed acts of force from being performed against the Plaintiff, but each of them failed to do so.

11. On December 18, 2008, as the Plaintiff was being subjected to the force outlined above, the Defendant Officers kept asking the Plaintiff for the location of a gun and for the location of drugs. Also, after the use of force on December 18, 2008 detailed above was completed, the Defendant Officers stated that they hoped that the Plaintiff would die. In addition, after the use of force on December 18, 2008 detailed above was completed, the Defendant Officers began asking the Plaintiff about his sister. The Defendants, Lopez, Bala, Magallon, Iza, Debose, Edens, Vo, Obrien, Glynn, Mendoza, Nykiel, and Sampin, each participated in one or more of the acts listed in this paragraph on December 18, 2008.

12. On December 18, 2008, the Defendant Officers repeatedly told the Plaintiff that he was going to go to jail unless he gave them something that would be useful to the Defendant Officers. On December 18, 2008, the Plaintiff repeatedly told the Defendant Officers that he did

4

not know anything about guns or drugs. As outlined above, these responses prompted more force from the Defendant Officers. On December 18, 2008, in response to the Defendant Officers' repeated requests for the location of drugs, the Plaintiff told the Defendant Officers that he did not know anything about drugs and that he "just beat the case". The Defendant Officers replied that "we know that", and then proceeded to kick the Plaintiff.

13. In addition, on December 18, 2008, the Plaintiff asked for water from the Defendant Officers. In response, the Defendants poured boric acid in a cup of water and offered it to the Plaintiff.

14. On December 18, 2008 at 4051 W. Potomac Avenue in Chicago, IL, the Defendants, Lopez, Bala, Magallon, Iza, Debose, Edens, Vo, Obrien, Glynn, Mendoza, Nykiel, and Sampin each participated in one of more of the following acts: repeatedly asking the Plaintiff for the location of a gun or drugs even though he indicated he did not know anything about guns or drugs, stating the hope that the Plaintiff would die, asking questions about the Plaintiff's sister, telling the Plaintiff that he would go to jail unless he provided something useful, and/or offering the Plaintiff boric acid when he asked for water. In addition, on December 18, 2008 at 4051 W. Potomac Avenue in Chicago, IL, each of the Defendants, Lopez, Bala, Magallon, Iza, Debose, Edens, Vo, Obrien, Glynn, Mendoza, Nykiel, and Sampin, expressed a knowledge about the dismissal of the Plaintiff's criminal case stemming from the April 8, 2008 arrest.

15. The Plaintiff suffered injuries and bodily harm due to the manner in which he was treated by the Defendant Officers at the time of his arrest on December 18, 2008 which include, but are not limited to, damage to his eardrum.

16. Due to the manner in which he was treated on December 18, 2008, the Plaintiff had obvious injuries and was in obvious pain and discomfort. He requested medical attention

5

from all the officers present at the time of his arrest, including Defendants Lopez, Bala, Magallon, Iza, Debose, Edens, Vo, Obrien, Glynn, Mendoza, Nykiel, and Sampin. The Defendants, Lopez, Bala, Magallon, Iza, Debose, Edens, Vo, Obrien, Glynn, Mendoza, Nykiel, and Sampin did not provide the Plaintiff any medical attention, or arrange to have medical attention provided to the Plaintiff, even though it was requested from them and it was obvious that medical attention was warranted. Instead, the Defendants, Lopez, Bala, Magallon, Iza, Debose, Edens, Vo, Obrien, Glynn, Mendoza, Nykiel, and Sampin, allowed the Plaintiff to be taken to a police station for further processing without arranging for medical attention. The Plaintiff was ultimately transported to a hospital by police officers other than the Defendants for medical treatment after he was taken to the police station.

17. Immediately before he was subjected to the force described above on December 18, 2008, the Plaintiff was not violating any laws, rules or ordinances. On December 18, 2008, as the Plaintiff was subjected to the force described above, he was not violating any laws, rules or ordinances. There was no probable cause or legal justification to use force to subdue the Plaintiff during his arrest on December 18, 2008. On December 18, 2008, there was no probable cause or legal justification to handle the Plaintiff in a manner that caused injuries to him.

18. On December 18, 2008, the acts of Defendants Lopez, Bala, Magallon, Iza, Debose, Edens, Vo, Obrien, Glynn, Mendoza, Nykiel, and Sampin were intentional, willful and wanton.

### COUNT I- 42 U.S.C. §1983
### Excessive Force- Defendant Officers

19. The Plaintiff re-alleges Paragraphs 1 through 18, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 19.

20. As described above, the Defendants, Lopez, Bala, Magallon, Iza, Debose, Edens, Vo, Obrien, Glynn, Mendoza, Nykiel, and Sampin, used excessive force during the arrest of the Plaintiff by performing one or more of the following acts against the Plaintiff without any justification or provocation, as the Plaintiff was complying with all orders, and while the Plaintiff presented no danger or threat of danger to anyone: pistol whipping, pepper spraying, throwing to the ground, kicking, dragging and/or pouring of the mop bucket water.

21. The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment, was objectively unreasonable, with malice, and was undertaken intentionally with willful indifference to the Plaintiff's constitutional rights.

22. The Defendant Officers' acts were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

23. As a direct and proximate result of the Defendant Officers' acts, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, LARON BETTS, prays for judgment in his favor and against the Defendants, ANGEILLY LOPEZ #2768, JASON BALA #9112, RAFAEL MAGALLON #19170, FRANCISCO IZA #12649, MARC DEBOSE #12694, MICHAEL EDENS #13975, KELLY VO #18574, WILLIAM OBRIEN #9564, CHARLES GLYNN #1857, M. MENDOZA # 17156, C. NYKIEL #18578, and S. SAMPIN #19641, awarding compensatory damages, punitive damages, attorney fees, and costs against the Defendants, as well as any other relief this Court deems just and appropriate.

## COUNT II- 42 U.S.C. §1983
### Failure to Intervene- Defendant Officers

24. The Plaintiff re-alleges Paragraphs 1 through 23, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 24.

25. The Defendant Officers stood by and watched without intervening to prevent the violence to which the Plaintiff was subjected, as referenced above, in violation of the United States Constitution. The Defendant Officers had a reasonable opportunity to prevent the harm referenced above had they been so inclined, but failed to do so. In particular, the Defendants, Lopez, Bala, Magallon, Iza, Debose, Edens, Vo, Obrien, Glynn, Mendoza, Nykiel, and Sampin were all present when each of the above-listed acts of force were being performed upon the Plaintiff, they were all aware of the above-listed acts of force being performed against the Plaintiff at the time that they were being performed, and they were all in the position to intervene to stop or prevent the above-listed acts of force from being performed against the Plaintiff, but each of them failed to do so. In addition, the Defendants, Lopez, Bala, Magallon, Iza, Debose, Edens, Vo, Obrien, Glynn, Mendoza, Nykiel, and Sampin were all present when the Plaintiff requested medical attention, they all knew that medical attention was obvious and necessary, they were all in the position to intervene so that the Plaintiff could obtain medical attention, and they all failed to do anything about it.

26. The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment, was objectively unreasonable, with malice, and was undertaken intentionally with willful indifference to the Plaintiff's constitutional rights.

27. The Defendant Officers' acts were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

28. As a direct and proximate result of the Defendant Officers' acts, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, LARON BETTS, prays for judgment in his favor and against the Defendants, ANGEILLY LOPEZ #2768, JASON BALA #9112, RAFAEL MAGALLON #19170, FRANCISCO IZA #12649, MARC DEBOSE #12694, MICHAEL EDENS #13975, KELLY VO #18574, WILLIAM OBRIEN #9564, CHARLES GLYNN #1857, M. MENDOZA # 17156, C. NYKIEL #18578, and S. SAMPIN #19641, awarding compensatory damages, punitive damages, attorney fees, and costs against the Defendants, as well as any other relief this Court deems just and appropriate.

### COUNT III- 42 U.S.C. §1983
### Failure to Provide Medical Care- Defendant Officers

29. The Plaintiff re-alleges Paragraphs 1 through 28, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 29.

30. As described above, the Defendants Officers inappropriately, and in contravention of the United States Constitution, refused to provide the Plaintiff with necessary medical treatment after he was injured by the Defendant Officers, even though they were aware of the need. In particular, the Defendants, Lopez, Bala, Magallon, Iza, Debose, Edens, Vo, Obrien, Glynn, Mendoza, Nykiel, and Sampin did not provide the Plaintiff any medical attention, or arrange to have medical attention provided to the Plaintiff, even though it was requested by him from them and it was obvious that medical attention was warranted. Instead, the Defendants, Lopez, Bala, Magallon, Iza, Debose, Edens, Vo, Obrien, Glynn, Mendoza, Nykiel, and Sampin, allowed the Plaintiff to be taken to a police station for further processing without arranging for medical attention.

31. The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment, was objectively unreasonable, with malice, and was undertaken intentionally with willful indifference to the Plaintiff's constitutional rights.

32. The Defendant Officers' acts were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

33. As a direct and proximate result of the Defendant Officers' acts, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, LARON BETTS, prays for judgment in his favor and against the Defendants, ANGEILLY LOPEZ #2768, JASON BALA #9112, RAFAEL MAGALLON #19170, FRANCISCO IZA #12649, MARC DEBOSE #12694, MICHAEL EDENS #13975, KELLY VO #18574, WILLIAM OBRIEN #9564, CHARLES GLYNN #1857, M. MENDOZA # 17156, C. NYKIEL #18578, and S. SAMPIN #19641, awarding compensatory damages, punitive damages, attorney fees, and costs against the Defendants, as well as any other relief this Court deems just and appropriate.

### Count IV- Illinois State Law
### Battery- All Defendants

34. The Plaintiff re-alleges Paragraphs 1 through 33, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 34.

35. As described above, the Defendants, Lopez, Bala, Magallon, Iza, Debose, Edens, Vo, Obrien, Glynn, Mendoza, Nykiel, and Sampin, employees of the CITY OF CHICAGO, intended to cause, and did cause, harmful and offensive contact of the Plaintiff during the arrest of the Plaintiff. The Defendants, Lopez, Bala, Magallon, Iza, Debose, Edens, Vo, Obrien, Glynn, Mendoza, Nykiel, and Sampin, did so by performing one or more of the following acts against

the Plaintiff without any justification or provocation, as the Plaintiff was complying with all orders, and while the Plaintiff presented no danger or threat of danger to anyone: pistol whipping, pepper spraying, throwing to the ground, kicking, dragging and/or pouring of the mop bucket water.

36. The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment as CITY OF CHICAGO police officers, was objectively unreasonable, with malice, and was undertaken intentionally and was willful and wanton.

37. Defendant CITY OF CHICAGO is liable as principal for all torts committed by its agents.

38. As a direct and proximate result of the acts of the Defendant Officers, employees of the CITY OF CHICAGO, Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, LARON BETTS, prays for judgment in his favor and against the Defendants, CITY OF CHICAGO, ANGEILLY LOPEZ #2768, JASON BALA #9112, RAFAEL MAGALLON #19170, FRANCISCO IZA #12649, MARC DEBOSE #12694, MICHAEL EDENS #13975, KELLY VO #18574, WILLIAM OBRIEN #9564, CHARLES GLYNN #1857, M. MENDOZA # 17156, C. NYKIEL #18578, and S. SAMPIN #19641, awarding compensatory damages and costs against the Defendants, as well as any other relief this Court deems just and appropriate.

### Count V- Illinois State Law
### Abuse of Process- All Defendants

39. The Plaintiff re-alleges Paragraphs 1 through 38, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 39.

11

40.     As described above, the Defendants, Lopez, Bala, Magallon, Iza, Debose, Edens, Vo, Obrien, Glynn, Mendoza, Nykiel, and Sampin, arrested the Plaintiff, used force against the Plaintiff, and treated him in the manner in which he was treated not because the Plaintiff was violating the law, but in order to punish the Plaintiff and as retaliation.  As outlined above, the Defendants, Lopez, Bala, Magallon, Iza, Debose, Edens, Vo, Obrien, Glynn, Mendoza, Nykiel, and Sampin, all participated in battering the Plaintiff, they all participated in verbally berating and humiliating the Plaintiff, they all refused to provide him medical attention, and they all refused to intervene in light of the unlawful behavior.  This behavior by the Defendants was undertaken as the Defendants, Lopez, Bala, Magallon, Iza, Debose, Edens, Vo, Obrien, Glynn, Mendoza, Nykiel, and Sampin, all acknowledged that they knew that the Plaintiff had just beaten a criminal case stemming from a previous arrest.

41.     The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment as CITY OF CHICAGO police officers, was objectively unreasonable, with malice, and was undertaken intentionally and was willful and wanton.

42.     Defendant CITY OF CHICAGO is liable as principal for all torts committed by its agents.

43.     As a direct and proximate result of the acts of the Defendant Officers, employees of the CITY OF CHICAGO, Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, LARON BETTS, prays for judgment in his favor and against the Defendants, CITY OF CHICAGO, ANGEILLY LOPEZ #2768, JASON BALA #9112, RAFAEL MAGALLON #19170, FRANCISCO IZA #12649, MARC DEBOSE #12694,

MICHAEL EDENS #13975, KELLY VO #18574, WILLIAM OBRIEN #9564, CHARLES GLYNN #1857, M. MENDOZA # 17156, C. NYKIEL #18578, and S. SAMPIN #19641, awarding compensatory damages and costs against the Defendants, as well as any other relief this Court deems just and appropriate.

### Count VI- Illinois State Law
### Intentional Infliction of Emotional Distress - All Defendants

44. The Plaintiff re-alleges Paragraphs 1 through 43, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 44.

45. As described above, the Defendants, Lopez, Bala, Magallon, Iza, Debose, Edens, Vo, Obrien, Glynn, Mendoza, Nykiel, and Sampin, engaged in conduct that was extreme and outrageous when they knew, or should have known, that their actions would cause severe emotional distress to the Plaintiff. As outlined above, the Defendants, Lopez, Bala, Magallon, Iza, Debose, Edens, Vo, Obrien, Glynn, Mendoza, Nykiel, and Sampin, all participated in battering the Plaintiff, they all participated in verbally berating and humiliating the Plaintiff, they all refused to provide him medical attention, and they all refused to intervene in light of the unlawful behavior. This behavior by the Defendants was undertaken as the Defendants, Lopez, Bala, Magallon, Iza, Debose, Edens, Vo, Obrien, Glynn, Mendoza, Nykiel, and Sampin, all acknowledged that they knew that the Plaintiff had just beaten a criminal case stemming from a previous arrest. In addition, as the Defendants, Lopez, Bala, Magallon, Iza, Debose, Edens, Vo, Obrien, Glynn, Mendoza, Nykiel, and Sampin, engaged in their unlawful behavior, the Defendants each participated in one of more of the following acts: repeatedly asking the Plaintiff for the location of a gun or drugs even though he indicated he did not know anything about guns or drugs, stating the hope that the Plaintiff would die, asking questions about the Plaintiff's

sister, telling the Plaintiff that he would go to jail unless he provided something useful, and/or offering the Plaintiff boric acid when he asked for water.

46. The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment as CITY OF CHICAGO police officers, was objectively unreasonable, with malice, and was undertaken intentionally and was willful and wanton.

47. Defendant CITY OF CHICAGO is liable as principal for all torts committed by its agents.

48. As a direct and proximate result of the acts of the Defendant Officers, employees of the CITY OF CHICAGO, Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, LARON BETTS, prays for judgment in his favor and against the Defendants, CITY OF CHICAGO, ANGEILLY LOPEZ #2768, JASON BALA #9112, RAFAEL MAGALLON #19170, FRANCISCO IZA #12649, MARC DEBOSE #12694, MICHAEL EDENS #13975, KELLY VO #18574, WILLIAM OBRIEN #9564, CHARLES GLYNN #1857, M. MENDOZA # 17156, C. NYKIEL #18578, and S. SAMPIN #19641, awarding compensatory damages and costs against the Defendants, as well as any other relief this Court deems just and appropriate.

### Count VII- Illinois State Law
### Indemnification - CITY OF CHICAGO

49. The Plaintiff re-alleges Paragraphs 1 through 48, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 49.

50. At all relevant times the Defendant Officers were acting under color of law and under the course and scope of their employment.

51. At all relevant times the CITY OF CHICAGO was the employer of the Defendant Officers.

WHEREFORE, the Plaintiff, LARON BETTS, pursuant to 745 ILCS 10/9-102, demands judgment against Defendant, CITY OF CHICAGO, in the amounts awarded to the Plaintiff against the individual Defendants, and for whatever additional relief this Court deems just and appropriate.

### JURY DEMAND

The Plaintiff demands a trial by jury on all Counts.

Respectfully Submitted by,

s/Basileios J. Foutris
BASILEIOS J. FOUTRIS
Attorney for Plaintiff LARON BETTS
FOUTRIS LAW OFFICE, LTD.
53 W. Jackson, Suite 252
Chicago, IL 60604
312-212-1200

## **CERTIFICATE OF SERVICE**

The undersigned, attorney of record herein, hereby certifies that on February 16, 2010, the foregoing **AMENDED COMPLAINT** was electronically filed with the Clerk of the U.S. District Court using the CM/ECF System; which will send notification of such filing to: Ashley Caroline Kosztya at ashley.kosztya@cityofchicago.org; Brandon J. Gibson at brandon.gibson@cityofchicago.org.

s/Basileios J. Foutris
Basileios J. Foutris
FOUTRIS LAW OFFICE, LTD.
Attorney for Plaintiff
53 West Jackson, Suite 252
Chicago, IL 60604
(312) 212-1200
